IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEE MCBRAYER, ET AL.,

    Plaintiffs,

v.                                                                 Civil Action No. 2:12-cv-00779

ETHICON, INC., ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
*(Defendants' Motion for Summary Judgment)*

Pending before the court is a Motion for Summary Judgment [ECF No. 93] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") against plaintiffs Dee and Timothy McBrayer. The plaintiffs filed a Response [ECF No. 105] and Ethicon filed a Reply [ECF No. 108]. As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

### I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 28,000 of which are in the Ethicon MDL. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice

on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. Plaintiffs' case was selected as a Wave 1 case.

Ms. McBrayer was implanted with the Prolift, a product manufactured by Ethicon, on or around July 30, 2007 at Carolinas Medical Center, Charlotte, North Carolina by Doctor Gerald Bernard Taylor. Am. Short Form Compl. ¶ 8–12 [ECF No. 17]. She is a resident of North Carolina. *Id.* ¶ 4. Ethicon moves for summary judgment on all of the plaintiffs' substantive claims.[1] Defs.' Mem. Supp. Mot. Summ. J. 1 [ECF No. 94].

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for

---

[1] Ethicon does not address Count XVII (punitive damages) or Count XVIII (discovery and rule tolling). I do not make any rulings as to those counts.

2

summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

B.   Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

3

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, as the plaintiffs did in this case, I consult the choice-of-law rules of the state in which the implantation surgery took place. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, I will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Thus, the choice-of-law principles of North Carolina guide this court's choice-of-law analysis.

The parties appear to agree, as does this court, that these principles compel application of North Carolina law. For tort claims, North Carolina generally applies the *lex loci delicti* approach, which provides that "the state where the injury occurred is considered the situs of the claim." *Harco Nat'l Ins. Co. v. Grant Thornton LLP*, 698 S.E.2d 719, 722–23 (N.C. Ct. App. 2010) (quoting *Boudreau v. Baughman*, 368 S.E.2d 849, 853–54 (N.C. 1988)). Here, the alleged injury occurred in North Carolina, where Ms. McBrayer was implanted with the allegedly defective device. Thus, I apply North Carolina's substantive law to the tort claims in this case. For warranty claims, North Carolina applies the "most significant relationship" approach, which "requires the forum to determine which state has the most significant relationship to the case." *Boudreau*, 368 S.E.2d at 853–54. North Carolina courts have found that the state of "the place of sale, distribution, delivery, and use of the product, as well as the place of injury [is] the state with the most significant relationship to the warranty claims." *Id.* at 855–56. Thus, I also apply North Carolina's substantive law to the warranty claims in this case.

III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' legal theories are without evidentiary or legal support.

A. Statute of Limitations

As a threshold matter, Ethicon argues that the plaintiffs' claims are barred because the statute of limitations period expired before the plaintiffs filed their original complaint. "[W]hether a cause of action is barred by the statute of limitations

5

is a mixed question of law and fact" unless the facts are not in conflict, in which case the question becomes one of law. *Pembee Mfg. Corp. v. Cape Fear Const. Co.*, 329 S.E.2d 350, 353 (N.C. 1985) (citations omitted). "Where, however, the evidence is sufficient to support an inference that the cause of action is not barred, the issue is for the jury." *Little v. Rose*, 208 S.E.2d 666, 668 (N.C. 1974) (citations omitted).

The parties agree that the primary applicable statute in this case is N.C. Gen. Stat. § 1-52, which provides a three-year period of limitations for personal injury claims sounding in negligence. *See* N.C. Gen. Stat. § 1-52; *Driggers v. Sofamor, S.N.C.*, 44 F. Supp. 2d 760, 766 (M.D.N.C. 1998). The statute provides, in relevant part: "[F]or personal injury or physical damage to claimant's property, the cause of action . . . shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant . . . ." N.C. Gen. Stat. Ann. § 1-52(16). At common law, a plaintiff's cause of action would accrue at the time of injury, regardless of the plaintiff's awareness of the injury. *Pembee*, 329 S.E.2d at 353. The purpose of the statute is to "modify the sometimes harsh common law rule by protecting a potential plaintiff in the case of a latent injury by providing that a cause of action does not accrue until the injured party becomes aware or should reasonably have become aware of the existence of the injury." *Id.* at 354.

Plaintiffs argue that to the extent their claims are based on fraud, they are not time-barred under N.C. Gen. Stat. § 1-52(9). That section provides: "For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued

6

until the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52(9). Ethicon does not respond to this argument.

In this case, Ethicon presents ample evidence that could support a reasonable jury's finding that Ms. McBrayer's bodily harm was apparent or reasonably should have been apparent to the plaintiffs more than three years before they filed their complaint. However, viewing the record in the light most favorable to the nonmoving party, I **FIND** that a reasonable jury could determine that Ms. McBrayer's bodily harm was not apparent, and ought not to have been reasonably apparent, to the plaintiffs more than three years before they filed their complaint. Therefore, Ethicon's Motion is **DENIED** as to the statute of limitations issue.

### B. Counts II, IV, V, VI, VII, VIII, X, and XV

The plaintiffs expressly withdraw the following counts that they asserted in the Amended Short Form Complaint: Count II (strict liability – manufacturing defect), Count IV (strict liability – defective product), Count V (strict liability – design defect), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count X (negligent infliction of emotional distress), and Count XV (unjust enrichment). Pls.' Resp. to Defs.' Mot. Summ. J. [ECF No. 105]. Accordingly, Ethicon's Motion with regard to these claims is **GRANTED**.

### C. Count III (Strict Liability – Failure to Warn)

North Carolina law provides: "There shall be no strict liability in tort in product liability actions." N.C. Gen. Stat. Ann. § 99B-1.1. North Carolina law also

recognizes an action sounding in negligence for failure to warn. N.C. Gen. Stat. § 99B-5(a).

Here, the plaintiffs oppose Ethicon's Motion on Count III (Strict Liability – Failure to Warn). Pls.' Resp. to Defs.' Mot. Summ. J. [ECF No. 105]. However, the plaintiffs' arguments regarding failure to warn rely on § 99B-5(a) of the statute and do not address strict liability. Pls.' Mem. Supp. Resp. to Defs.' Mot. Summ. J. 7–14 [ECF No. 106]. I thus interpret plaintiffs' failure to warn claim as sounding in negligence. I address Ethicon's Motion with regard to the negligent failure to warn claim in Section F below. To the extent that the plaintiffs also assert a separate claim sounding in strict liability, Ethicon's Motion on that point is **GRANTED**.

### D. Count IX (Negligent Misrepresentation)

The North Carolina Supreme Court has not ruled on whether negligent misrepresentation is a viable theory of recovery in products liability cases causing personal injury rather than pecuniary loss. In the absence of such guidance, "the state's intermediate appellate court decisions 'constitute the next best indicia of what state law is . . . .'" *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992). The North Carolina Court of Appeals has indicated that, in products liability cases causing personal injury, the state does not recognize negligent misrepresentation as a theory of recovery independent from a traditional negligence claim. That court held that North Carolina has "adopted the Restatement 2d definition of negligent misrepresentation and . . . the action lies where *pecuniary loss* results from the supplying of false information to others for the purpose of guiding

them in their business transactions." *Michael v. Huffman Oil Co.*, 661 S.E.2d 1, 11 (N.C. Ct. App. 2008) (quoting *Driver v. Burlington Aviation, Inc.*, 430 S.E.2d 476, 480 (N.C. Ct. App. 1993) (gathering cases)). However, that court did not find "any case in which the theory of negligent misrepresentation was approved as a basis for recovery for personal injury." *Id.* (quoting *Driver*, 430 S.E.2d at 481) (finding that plaintiffs' allegations of negligent misrepresentation by product manufacturer were nonetheless "sufficient to state a claim for relief based upon traditional negligence rules").

Here, although the plaintiffs oppose Ethicon's motion for summary judgment on Count IX, the plaintiffs do not offer any authority in support of their argument that negligent misrepresentation is a viable claim, independent of traditional negligence, on the facts of this case. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### E. Count XII (Breach of Implied Warranty)

North Carolina law provides for both the implied warranty of merchantability, N.C. Gen. Stat. § 25-2-314(1), and the implied warranty of fitness for a particular purpose, N.C. Gen. Stat. § 25-2-315. Ethicon's motion for summary judgment on the plaintiffs' breach of implied warranty of merchantability claim is addressed below in Section F. Ethicon's motion for summary judgment on the plaintiffs' breach of implied warranty of fitness for a particular purpose is addressed here.

Under North Carolina law, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods,

9

there is" an implied warranty that the goods are fit for that particular purpose. N.C. Gen. Stat. § 25-2-315. Critically, "[a] 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business . . . ." *Id.* cmt. 2. On the other hand, "the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question." *Id.*

Here, the plaintiffs do not dispute that the Prolift was sold for its ordinary purpose—to treat SUI and POP—and not a particular purpose native to the plaintiffs' circumstances. *See Foyle ex rel. McMillan v. Lederle Labs.*, 674 F. Supp. 530, 535 (E.D.N.C. 1987) ("In the present case the DPT vaccine had the ordinary purpose of preventing the contraction of disease. There was no particular purpose, native to the plaintiff's position, that would implicate the implied warranty for a particular purpose."). Therefore, Ethicon's Motion for Summary Judgment on the plaintiffs' breach of implied warranty of fitness for a particular purpose claim is **GRANTED**.

### F. Remaining Claims

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims. Accordingly, to the extent Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 93] is **GRANTED in part** and **DENIED in part**.

Ethicon's Motion on the following claims is **GRANTED**: Count II (strict liability – manufacturing defect), Count III (strict liability – failure to warn), Count IV (strict liability – defective product), Count V (strict liability – design defect), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty of fitness for a particular purpose), and Count XV (unjust enrichment).

Ethicon's Motion on the following claims is **DENIED**: Count I (negligence, including negligent failure to warn), Count XI (breach of express warranty), Count XII (breach of implied warranty of merchantability), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), Count XVI (loss of consortium).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 6, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE