**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00027-RJC-DSC**

| | |
|---|---|
| **TIMOTHY MCBRAYER and DEE MCBRAYER,** ) ) ) **Plaintiffs,** ) ) v. ) ) **ETHICON, INC. and JOHNSON & JOHNSON,** ) ) ) ) **Defendants.** ) ) | **PRETRIAL ORDER** |

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order.

**A.** **TRIAL DATE**. A jury trial is scheduled for **July 10, 2017**. The parties estimate that the total time needed for trial will be approximately **6–9 days**.

**B.** **TRIAL SUBPOENAS**: Counsel must subpoena all witnesses <u>at least ten (10) days</u> before the trial date. The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

**C.** **COUNSEL'S DUTIES PRIOR TO TRIAL**: <u>At least three full weeks</u> before the trial date, counsel for all parties shall:

(a) Discuss the possibility of a settlement;

(b) Exchange copies of exhibits or permit inspection if copying is impractical;

(c) Number and become acquainted with all exhibits; and

(d) Agree upon the issues, reduce them to writing, and file them with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court.

(e) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**D.** **COUNSEL'S FILINGS THREE WEEKS BEFORE TRIAL**: <u>At least three full weeks</u> before the trial date, counsel for each party shall file with the <u>Clerk of Court</u> each of the following:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues;

(b) In all non-jury cases, proposed Findings of Fact and Conclusions of Law;

(c) Proposed jury instructions, as described below;

(d) Requested questions for voir dire;

(e) Any motions in limine; and

(f) Deposition testimony a party will offer as evidence at trial, as described below.

**E.** **PRETRIAL CONFERENCE**: On **June 26, 2017 at 10:00 a.m.**, the Court will hold a pretrial conference where the parties will be heard regarding any motions in limine, remaining <u>Daubert</u> determinations, and other unresolved pretrial matters.

**F.** **PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions <u>no later than two weeks</u> before the trial date. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a

separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction without a supporting citation may not be considered.

**G.** **JURY VOIR DIRE**: The Court, after consideration of the requests for voir dire submitted by counsel, shall conduct jury voir dire. Counsel will be given an opportunity to submit additional voir dire for the Court's consideration based on the responses of the potential jurors.

**H.** **DEPOSITION TESTIMONY:** If a party will offer deposition testimony as evidence at trial, the parties are to prepare the following and submit it to the <u>Clerk of Court</u> at least <u>three full weeks</u> before the trial date:

(a) The party originally offering the testimony shall highlight in yellow all portions of the deposition testimony it will seek to have admitted;

(b) That party shall then provide the highlighted copy to the opposing party;

(c) The opposing party shall highlight in a different color all portions of the deposition testimony it will seek to have admitted;

(d) The opposing party shall then list briefly in the margins, directly adjacent to the relevant testimony, any objections it has to that testimony (e.g., 401, hearsay);

(e) The opposing party shall then return the document to the party originally offering the testimony, who will list objections to the opposing party's highlighted portion;

(f) The party originally offering the testimony shall then file the document with the <u>Clerk of Court</u>.

**I.** **FINAL LISTS OF WITNESSES AND EXHIBITS**: On or before the following dates, counsel for each party shall file with the Clerk of Court an original and four (4) copies of:

(a) a final witness list containing the name of every proposed witness; and (b) a final exhibit list. Plaintiff shall file such information no later than thirty (30) days before trial. Defendant shall file such information no later than fifteen (15) days before trial.

**J.** **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:

(a) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness; and

(b) Stipulations concerning the authenticity of as many proposed exhibits as possible.

**K.** **EXHIBITS**: Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the courtroom deputy. See "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.

Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of Court personnel and the Court's Jury Evidence Recording System (JERS) during trial. Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format; video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

    Exhibit 1 -  photograph of . . .

    Exhibit 2(a) - contract

    Exhibit 2(b) - video deposition of . . .

**L.** **FORMAT FOR EXHIBIT LIST**: In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>    <u>Description</u>    <u>Identified by</u>    <u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel shall also provide an electronic copy of the exhibit list with the electronic exhibit files.

**M.** **ASSESSMENT OF JURY COSTS**: Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

**N.** **SANCTIONS FOR FAILURE TO COMPLY WITH THE PRETRIAL ORDER**: Failure to comply with any of the provisions of this Order which causes added delay or

expense to the Court may result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure.

Signed: April 10, 2017

Robert J. Conrad, Jr.
United States District Judge